C. E. McNEILL & Co., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17830.   Promulgated December 14, 1928.

*Arthur D. Cloud, Esq.,* and *John R. Ong, Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* and *J. L. Backstrom, Esq.,* for the respondent.

**OPINION.**

SIEFKIN : One of the prerequisites to personal service classification as that status is defined in section 200, Act of 1918, is that the principal owners or stockholders be regularly engaged in the active conduct of corporate affairs. Insufficient proof has been offered to establish compliance with such requirement. The activities of Jacobson were occasional rather than regular. The only evidence we have

concerning the number of shares of stock held by Jacobson is the proportions in which the dividend declared after the close of the taxable year was distributed between the several stockholders. Such evidence indicates he held 16% of the outstanding stock. But there is nothing in the record to show and we can not assume that the dividends were distributed in proportion to stockholdings.

Nor does the record show that capital was not a material income-producing factor as required by the statutory definition. The evidence upon this point is incomplete due, in part, perhaps, to petitioner's inability to produce its books which have been lost in moving since the year in question. Such evidence as we have indicates capital, invested and borrowed, was a factor in the production of income. A plant which was necessary to petitioner's business had been installed in the leased premises at considerable capital cost. The remainder (aside from that invested in office equipment) of what appears to be rather a substantial amount of capital, when compared to the income produced, was used to take up drafts of shippers in advance of sale of shipments by petitioner. The testimony that this was merely a matter of accommodation to the shippers and of doubtful necessity to the business is not very convincing, in view of the fact that the business was highly competitive and that the degree of necessity led to the borrowing of the funds. *Prey Brothers Live Stock Commission*, 9 B. T. A. 534.

Respecting petitioner's alternative contentions that it is entitled to special assessment or, failing that, additional invested capital on account of assets erroneously excluded, the proof is likewise insufficient. The record shows only that petitioner's books have been lost, and that shippers' lists, good will, and equipment turned in at incorporation were excluded from invested capital. The only evidence concerning the value of any of such assets is the testimony of one who had become interested in the corporation some years after its organization. He testified that the *present* shippers' list could be sold for $20,000 and, in fact, a part thereof was sold in 1925 for $5,000. Obviously such record contents do not present a case under section 327 requiring special assessment. Nor does it establish the value of the alleged assets when paid in to the corporation, which value determines the invested capital allowable therefor.

*Judgment will be entered for the respondent.*